UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
STACEY MERCER,

       Plaintiff,                              CASE NO.:

v.

ANCHOR INN NORTHERN, INC.

       Defendant.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff, STACEY MERCER (hereinafter "Plaintiff"), sues Defendant, ANCHOR INN NORTHERN, INC. (hereinafter "Defendant"), for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## INTRODUCTION

1. Defendant owns and/or operates that certain hotel known as ANCHOR INN, located in Bayside, Queens, New York (the "Hotel"). The Hotel owns and operates a website located at anchorinn.com, through which reservations are accepted, and also accepts reservations through various third-party online platforms, including hotels.com, expedia.com, orbitz.com, and others (the "Websites"). Through the Websites, the Hotel accepts reservations, and describes the various features and amenities available to Hotel guests.

1

2. As of March 15, 2012, Defendant was required, *inter alia*, to ensure that the Websites through which reservations are taken (a) identify and describe accessible features of the Hotel in detail; (b) identify and describe accessible features of guest rooms in detail; (c) permit disabled individuals to independently assess whether or not the Hotel and its available guestrooms meet their individual accessibility needs; and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1]

3. Before instituting this action, Plaintiff, a disabled individual, visited one or more of the Websites, and encountered Defendant's failure to adhere to some or all the requirements set forth above. Plaintiff brings this action for her own benefit, and also for the benefit of all disabled individuals who have been unable (or will be unable) to independently assess the Hotel and its accessibility features, and/or reserve accessible guest rooms, because of Defendant's failure or refusal to conform its Website to applicable federal legal mandates. Plaintiff seeks injunctive relief requiring that the Websites comply with the mandatory standards here at issue.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon Defendant's violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

5. This Court has personal jurisdiction over Defendant in this action. The Hotel is located the State of New York, and the injury occurred in this District.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; to wit,

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l).

Plaintiff encountered Defendant's ADA violations from within this District, and the injury to Plaintiff here at issue therefore occurred in this District.

7. This Court has supplemental jurisdiction over Plaintiff's claims arising under New York State law. 28 U.S.C.S. § 1367(a).

## **PARTIES**

8. At all times material hereto, Plaintiff, STACEY MERCER, was and is over the age of 18 years, *sui juris*, and a resident of Manhattan, which is located within this District.

9. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Because of a criminal act perpetrated on her, Plaintiff is paraplegic with no use of her legs, and limited use of her left arm.

10. Defendant is a New York corporation authorized to conduct and conducting business in the State of New York, and is the operator of the Hotel website, and controls the material content of all Websites (relative to its Hotel).

## **COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

11. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of

the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging (such as the Hotel), were required to conform to these regulations <u>on or before March 15, 2012</u>.

13. On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

14. In addition to the requirements set forth above, the DOJ provided commentary and guidance on the obligations of hotels and motels under the revised standards. For hotels which predate the ADA (such as the one here at issue), the online reservation system should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room. In addition, hotels pre-dating the ADA should give information about important features that *do not comply* with the ADA standards. *28 C.F.R. Part 36, Appx. A.*

15. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Websites describe Hotel amenities and features, and allow visitors to make reservations for guest rooms. But the Websites do not describe features of the Hotel that are accessible to the disabled, nor provide sufficient information for a potential disabled patron, and other disabled persons, to independently assess whether the Hotel and its available guestrooms meet individual accessibility needs, nor do they allow for reservation of accessible guestrooms in the same manner as non-accessible guestrooms. Defendant is violating the ADA.

16. Prior to filing this lawsuit, Plaintiff visited one or more of the Websites to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to her, and whether she can independently reserve an accessible room at the Hotel in the same manner as non-accessible rooms. Upon her visit, Plaintiff discovered that she was unable to undertake any of these activities, because the Websites do not comply with the law.

17. Separate from any personal desire that Plaintiff may have to learn about the Hotel and/or reserve an accessible guestroom, Plaintiff visited the Website to ensure its compliance with the ADA, as an advocate for the disabled, and as a tester.  Plaintiff specifically desires to determine,

5

monitor, and ensure, that places of public accommodation, like the Hotel, are complying with laws aimed at eliminating discrimination against the disabled.

18. Plaintiff will again visit one or more of the Websites upon the Hotel's compliance with the laws and regulations specified herein in order learn about the accessible (and inaccessible) features of the Hotel, assess the extent to which the Hotel meets her accessibility needs, and determine whether she can reserve an accessible guestroom.

19. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites and at the Hotel due to continuing ADA violations as set forth above.

20. Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Websites unless and until Defendant modifies the Websites to set forth all of the information, and provide all of the access, required by 28 C.F.R. §36.302(e)(l).

21. The ADA violations discovered include the following:

    i. The Websites do not allow individuals with disabilities to reserve accessible guestrooms in the same manner as individuals who do not need accessible guestrooms.

    ii. The Websites do not identify and describe accessible *and inaccessible* features in the hotel, and guestrooms, in sufficient detail to reasonably permit individuals with disabilities to independently assess whether the hotel, or specific guestrooms therein, meet accessibility needs.

22. In addition, upon information and belief, Defendant does not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms

of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

23. Plaintiff is without an adequate remedy at law and is suffering irreparable harm, and Plaintiff reasonably anticipates that she will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites and maintain the Websites, including its online reservation system, and accompanying policies, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

24. Pursuant to 42 U.S.C. § 12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Websites and all online reservation systems in accordance with the requirements set forth by 28 C.F.R. §36.302(e)(l).

## COUNT II – VIOLATION OF NYSHRL

25. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

26. The NYSHRL provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any

        such place shall be refused, withheld from or denied to any person on account of . . . disability . . . .[2]

27. The Websites, and their online reservation system, is a gateway to the Hotel, and is a service provided as a corollary to Defendant's physical Hotel location. The Websites are available in the City and State of New York, provide legally required information to prospective guests and others residing in New York, and are used by Defendant to make financial transaction with New Yorkers, from within New York.

28. Plaintiff visited one or more of the Websites from within New York and encountered barriers to access that are made illegal and discriminatory by the ADA.

29. Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of her disability, accommodations, advantages, facilities or privileges which must be made available to Plaintiff through the Websites, in accordance with the law. Failure by Defendants to comply with its legal obligations in this regard is "negligent per se."

30. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

    WHEREFORE, Plaintiff, STACEY MERCER, respectfully requests that this Court enter judgment in her favor, and against Defendant, as follows:

        a. A declaration that the Websites are owned, leased, operated, and/or controlled by Defendant is in violation of the ADA and NYSHRL;

        b. Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant implement

---

[2] NYS Exec. Law § 296 (2)(a).

policies, practices, procedures, including online content, consistent with the mandates of the ADA and ADAAG;

c. Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website that has an online reservation system unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

d. Entering an award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff;

e. Awarding a judgment and compensatory damages deemed just and appropriate pursuant to NYSHRL; and

f. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this **20th** day of **July**, 2018.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
39 Broadway, Ste. 2250
New York, NY 10006
PH:   (646) 560-3230
FAX:  (877) 253-1691

By: */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK4223)
klein@nklegal.com
amy@nklegal.com